SLIP OPINION  Cite as 2013 Ark. 315

# SUPREME COURT OF ARKANSAS

No. CR-12-657

|  |  |
|---|---|
| WILBERT LEAZALL JOHNSON<br>APPELLANT<br><br>v.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** September 5, 2013<br><br>PRO SE MOTION FOR COPY OF TRIAL TRANSCRIPT RECORD ON APPEAL AND EXTENSION OF TIME TO FILE BRIEF [PULASKI COUNTY CIRCUIT COURT, 60CR-12-765, HON. HERBERT T. WRIGHT, JR., JUDGE]<br><br>APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

Appellant Wilbert Leazall Johnson lodged an appeal in this court from an order of the Pulaski County Circuit Court denying his petition for writ of habeas corpus. He filed a motion seeking a copy of the transcript and an extension of time in which to file his brief. We dismiss the appeal, and the motion is therefore moot.

An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Bryant v. May*, 2013 Ark. 168 (per curiam). Our review of the record and the petition has made it clear that appellant cannot prevail.

Appellant was charged with breaking or entering and theft of property. On April 30, 2012, while those charges were pending, appellant filed the petition for writ of habeas corpus that is at issue in this appeal. Appellant later entered a negotiated plea to the theft charge. On May 30, 2012, a judgment was entered reflecting nolle pros of the breaking-or-entering charge

and a sentence of twelve months' probation on the theft charge. In July 2012, the prosecuting attorney filed a petition for revocation of appellant's probation for a violation of the probation terms alleged to have occurred on June 15, 2012. According to the current inmate roster for Pulaski County Detention Center, appellant is held on the theft-of-property charge, apparently for the revocation proceeding.

Where a petitioner is not incarcerated on the judgment that he challenges in his petition, the circuit court does not have jurisdiction to issue a writ of habeas corpus, and the petition is moot. *Bradford v. State*, 2011 Ark. 494 (per curiam). In this case, no judgment had been rendered when appellant challenged his detention. His claims were all based on his arrest for the initial charges, however, and not on his arrest for revocation of his probation. It is clear that, even if the claims on appellant's initial arrest were not moot, those claims that appellant set forth in the petition were not cognizable for the writ.

Under our statute, a petitioner who does not allege his actual innocence and seek the writ through Act 1780 of 2001 Acts of Arkansas must make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained or that he is imprisoned when by law he is entitled to bail. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *see also Bryant*, 2013 Ark. 168. A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam). The only claims, therefore, that are cognizable for the writ in a petition filed prior to the judgment, as was appellant's, are those alleging a jurisdictional issue or a question concerning the prisoner's right to bail.

In his petition, appellant did not raise any issue concerning his entitlement to bail.  He alleged that he had not been Mirandized, that his request for an attorney during processing had been denied, that he had advised the arresting officer that he needed to resume psychiatric medication previously prescribed to him, that an officer declined to take his statement, that the circumstances of his arrest amounted to a denial of due process, that he had been wrongfully charged, and that the arrest warrant was defective.  Issues concerning the validity of an arrest or the arrest warrant do not call into question the circuit court's jurisdiction and are the type of issues that should have been addressed in the trial proceedings rather than through a habeas proceeding.  *See Roberson v. State*, 2013 Ark. 75 (per curiam).

Because appellant did not state a claim in his petition that was cognizable for the writ, it is clear that he cannot prevail on appeal.  A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous.  *Justus*, 2013 Ark. 149.  Where the petition failed to state a claim sufficient to warrant issuance of the writ, the appellant did not meet his burden to demonstrate that his petition had merit, and the circuit court did not err in declining to issue the writ.  *See id.*; *see also Christopher v. Hobbs*, 2011 Ark. 399 (per curiam).

Appeal dismissed; motion moot.

*Wilbert Leazall Johnson*, pro se appellant.

No response.